

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747


Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
dsgomez@littler.com

August 7, 2018

**VIA ECF**

Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    <u>Ramirez-Vasquez v. M&B Packaging, Inc., et al.</u>
       No. 17 cv 04773 (RRM) (ST)

Dear Judge Tiscione:

We represent Defendants M&B Packaging, Inc. and Benjamin Weisz in the above referenced matter.  Pursuant to Rule 37(3)(b) of the Federal Rules of Civil Procedure, Local Rule 37.3 and Your Honor's Individual Rules of Practice ¶ III(A), Defendants seek an Order compelling Plaintiff to produce responses to Defendants' Interrogatories and Requests for Production of Documents, and attorneys' fees for having to make this motion.

Almost five months ago, on March 22, 2018, Defendants served upon Plaintiff's counsel Interrogatories and Requests for the Production of Documents.  <u>See</u> Exhibit A.  While the parties have been discussing potential resolution, Defendants excused Plaintiff's failure to provide timely responses.  However, on May 9, 2018, in responding to Plaintiff's discovery demands, we again requested that Plaintiff's counsel advise when we could expect responses to Defendants' discovery demands.  <u>See</u> Exhibit B.  Plaintiff again advised that responses would be forthcoming.  Meanwhile, the parties continued to discuss resolution.

Unfortunately, the parties reached an impasse on settlement negotiations on July 31, 2018. <u>See</u> Exhibit C.[1]  Defendants requested that Plaintiff serve responses to their discovery demands by August 3, 2018, and schedule deposition dates.  <u>Id.</u>  Mr. Hassan did not advise when Plaintiff's responses would be forthcoming, but instead threatened to file a motion to compel additional time records—beyond those time records which Defendants already produced—which we advised are not in Defendants' possession.  <u>Id.</u>

I advised Mr. Hassan that if he would like to inquire as to the status of these time records, he could depose Defendants, which would be an efficient use of Plaintiff's time.  <u>Id.</u>  In a

---

[1] We have redacted portions of this email chain in order to protect the confidentiality of the parties' settlement negotiations.

Honorable Steven L. Tiscione
August 7, 2018
Page 2

telephone conference on July 31, 2018, Plaintiff refused to depose Defendants and conduct any inquiry on the time records, instead again threatening Defendants with a motion to compel.  Id. By Friday, August 3, 2018, Defendants did not receive any responses to their discovery demands.

On Monday, August 6, 2018, Defendants requested an update on the status of Plaintiff's responses to Defendants' discovery demands.  See Exhibit C.  Inexplicably, Plaintiff's counsel, Mr. Hassan, claims he cannot respond to Defendants' discovery demands without the production of time records he claims Defendants possess.  Id.  Such an assertion defies logic. The Federal Rules of Civil Procedure impose no requirement that Defendants produce documents before Plaintiff can respond to Defendants' discovery demands.

Given the aforementioned numerous attempts to secure compliance with Plaintiff's obligations to respond to Defendants' discovery responses, Plaintiff apparently does not intend to comply unless she first secures the production of time records she claims Defendants possess.  Such dilatory tactics are improper.

Based on the foregoing, Defendants respectfully request that this Court order Plaintiff to produce the requested discovery, and award such other and further relief as the Court deems just and proper, including an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(4)(A).

Thank you for the Court's consideration of this request.

Respectfully submitted,

Littler Mendelson, P.C.

/s/ Daniel Gomez-Sanchez

Daniel Gomez-Sanchez

cc:    All attorneys of record (via ECF)

Firmwide:156351091.1 094837.1001